UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE C.,[1]<br>Plaintiff<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>Defendant. | Case No. 2:18-cv-00901-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Monique C. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11 and 12] and briefs [Dkt. 16 ("Pl. Br."), Dkt. 19 ("Def. Br.")] addressing disputed issues in the case. The matter is now ready for decision. For the reasons discussed below, the Court finds that this matter should be affirmed.

///

///

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed applications for SSI and DIB in June 2014. [Dkt. 15, Administrative Record ("AR") 15, 143-55.] Plaintiff's applications were denied at the initial level of review. [AR 81-86.] A hearing was held before Administrative Law Judge Elizabeth R. Lishner ("ALJ") on July 14, 2016. [AR 28-56.]

On October 31, 2016, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability. [AR 15-23.] *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 27, 2013. [AR 16, 22.] At step two, the ALJ determined that Plaintiff suffered from the severe impairments of breast cancer, status-post right mastectomy and ankylosing tenosynovitis of the right thumb. [AR 17, 22.] The ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations. [AR 16, 22.] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work (20 C.F.R. §§ 404.1567(b), 416.967(b)), including the ability to lift up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk 4 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday, but was limited to frequent handling and fingering bilaterally and was precluded from overhead lifting (bilaterally), climbing ropes, ladders, or scaffolds, and working around unprotected heights or heavy machinery. [AR 18, 22.] At step four, the ALJ determined that Plaintiff was not able to perform her past relevant work as a hairstylist. [AR 21-22.] At step five, the ALJ concluded that Plaintiff is able to perform other work that exists in significant numbers in the economy, including the representative occupations of office helper, information clerk, mail clerk, and counter clerk. [AR 21-23.]

The Appeals Council denied review of the ALJ's decision on December 7, 2017. [AR 1-6.] This action followed.

Plaintiff claims the ALJ failed to articulate legally sufficient reasons for rejecting Plaintiff's testimony. [Pl. Br. at 5-12.] Plaintiff requests reversal and remand for payment of benefits or, in the alternative, remand for further administrative proceedings. [Pl. Br. at 12-13.] Defendant asserts that the ALJ's decision should be affirmed. [Def. Br. at 20.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

///
///

## IV. DISCUSSION

Plaintiff contends that the ALJ failed to provide sufficient reasons for rejecting her testimony regarding her subjective symptoms and functional limitations. [Pl. Br. at 5-12.]

Once a disability claimant produces evidence of an underlying physical or mental impairment that could reasonably be expected to produce the symptoms alleged and there is no affirmative evidence of malingering, the ALJ must offer "specific, clear and convincing reasons" to reject the claimant's testimony about the severity of her symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citation omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ must specifically identify the testimony that is being rejected and explain what evidence undermines that testimony. *See Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1102-03 (9th Cir. 2014); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *see also Trevizo*, 871 F.3d at 679, n.5 (clarifying that "assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of a claimant's symptoms . . .' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness") (quoting Social Security Ruling 16-3p).

In a June 2014 disability report, Plaintiff alleged that her ability to work is limited due to the following conditions: DCIS breast cancer; stage IV breast cancer; heart syncope; and a mastectomy. [AR 172.] Plaintiff also alleged problems with standing and her right arm. [*Id.*] In an August 2014 function report, Plaintiff wrote that she could not carry anything, lift more than 10 pounds, or walk more than two blocks before needing to rest for 15 to 25 minutes. [AR 210, 215.] She also reported difficulty with standing, squatting, bending, reaching, kneeling, seeing, remembering, and concentrating. [AR 210, 215.]

At the hearing in July 2016, Plaintiff reported significant physical limitations. She testified that she could not "touch anything" with her left thumb, use her left

hand "to pick up or hold anything" over 10 pounds, or perform any overhead lifting. [AR 34-35, 38.] She claimed that she is limited to lifting 20 pounds to waist level using both hands, standing or walking for 15 minutes at a time before needing to sit down for 10 to 15 minutes, and sitting for 30 minutes at a time before needing to get up and move around. [AR 35, 38, 45-46.] Plaintiff also reported problems with her right hand and cramping in her lower extremities. [AR 34-35, 39, 45.] She claimed that she often sits with her feet elevated and does not drive due to dizziness associated with heart syncope. [AR 34, 36, 39.] Plaintiff testified that she lives with her 6-year-old grandson and is his primary caregiver, but she receives help from other people. [AR 35-36.] Her daily activities included preparing meals for herself and her grandson, attending pool therapy, and reading sign language books. [AR 36-38.]

Based on its review, the Court finds that, for the following reasons, the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. [AR 16-19.] *See Trevizo*, 871 F.3d at 678; *Smolen*, 80 F.3d at 1284.

The ALJ found that Plaintiff's statements concerning her symptoms and functional limitations were not fully supported by the medical record. [AR 18-20.] While medical evidence alone is not a basis for rejecting pain testimony, it is one factor that the ALJ is permitted to consider. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). A review of Plaintiff's medical records supports the ALJ's finding. For example, Plaintiff asserted that she could not lift more than 10 pounds with her left upper extremity due to issues with her left hand and thumb. [AR 18, 34-35.] However, the consultative internal medicine physicians, Dr. Sedgh and Dr. Saeid, reported full range of motion in Plaintiff's left shoulder, elbow, and wrist, and that Plaintiff's left hand was normal on examination. [AR 17, 19, 366, 465.] Plaintiff also complained of cramping in her lower extremities and claimed she needs to elevate her legs. [AR

17-19, 34, 39.] Although Plaintiff had mild left knee osteoarthritis and was using a cane when she saw Dr. Sedgh, her gait and lower extremity examination were within normal limits. [AR 17, 19, 363, 366-67.] Dr. Saeid also indicated that Plaintiff had a normal gait and full range of motion in the lower extremities, and Plaintiff's treating physician reported that Plaintiff was able to ambulate without difficulty. [AR 19-20, 466, 479.] While the ALJ's interpretation of the evidence may not be the only reasonable one, her conclusion that some of Plaintiff's alleged limitations were unsupported by the objective evidence was reasonable and supported by substantial evidence.[2] *See Rollins*, 261 F.3d at 857 (court may not "second-guess" an ALJ's reasonable interpretation, provided it is supported by substantial evidence); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (same).

The ALJ also found that Plaintiff offered inconsistent statements about the extent of her limitations. [AR 18-19.] Specifically, the ALJ noted that Plaintiff testified she was limited to standing for 15 minutes at a time, sitting for 30 minutes at a time, and lifting less than 10 pounds with her left hand. [AR 18, 34-35.] However, when Plaintiff was examined by Dr. Saeid, she reported that she could stand for 30 minutes at a time, sit without restriction, and lift and carry 20 pounds with her left hand. [AR 18, 463.] The ALJ noted there was no material change in the medical evidence to support the alleged increase in limitations. [AR 19.] Thus, the inconsistency in Plaintiff's statements was a specific, clear and convincing reason on which the ALJ could properly rely in rejecting Plaintiff's subjective

---

[2] The Court notes that Plaintiff's treating physician, Dr. Lang, diagnosed Plaintiff with DeQuervain's tendonitis in the left wrist and carpal tunnel syndrome in the left upper extremity and opined that Plaintiff needs a cane or assistive device to stand or walk. [AR 673, 681, 683.] However, the ALJ reasonably found these assessments were unsupported by diagnostic studies or objective abnormalities on examination and contradicted by the evidence of record. [AR 17, 20-21, 363-68, 462-66, 479, 673, 683.] Thus, Dr. Lang's opinion does not provide objective support for Plaintiff's allegations.

6

symptom testimony. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (ALJ may use "ordinary techniques of credibility evaluation," such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony); *Smolen*, 80 F.3d at 1284 (ALJ may consider "prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid"); *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on inconsistencies in the claimant's testimony).

Finally, the ALJ found that Plaintiff's daily activities suggest that she overstated the frequency, intensity, and effects of her symptoms. [AR 19.] Plaintiff contends that her activities fail to demonstrate she is capable of performing work on a sustained basis. [Pl. Br. at 9-12.] Even if the ALJ erred in relying on Plaintiff's daily activities, any such error was harmless, because the ALJ's other stated reasons constituted a legally sufficient basis for discounting Plaintiff's subjective complaints. *See Carmickle*, 533 F.3d at 1162-63 (finding an error by the ALJ with respect to one or more factors in rejection of a claimant's symptom testimony may be harmless if the ALJ's remaining reasons were "legally valid"); *Brown-Hunter v. Colvin*, 806 F.3d at 492.

Accordingly, reversal is not warranted based on the ALJ's consideration of Plaintiff's testimony regarding the nature and severity of her symptoms.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: February 5, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE